
George C. Paine, II
US Bankruptcy Judge
Dated: 08/18/08



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID and CONNIE PRINCE, Debtors | CASE NO. 197-11992<br>CHAPTER 13<br>JUDGE Keith M. Lundin |
| BEAL BANK, SSB<br>Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE, Defendants, | |
| v. | |
| WILSON & ASSOCIATES, P.L.L.C.<br>AARON SQUYRES and LESLIE GARRETT SARVER<br>Third Party Defendants | Adversary Proceeding Numbers:<br><br>108-0146<br>108-0164 |
| v. | |
| LLP MORTGAGE, LTD.,<br>Intervening Plaintiff | |
| v. | |
| DAVID and CONNIE PRINCE<br>Defendants. | |

### MEMORANDUM

This matter is before the court on David and Connie Prince's (hereinafter "debtors") motion to remand a state court action to the Lawrence County Circuit Court styled *Beal Bank SSB v. David and Connie Prince v. Wilson & Associates,*

*PLLC, Aaron Squyres and Leslie Garrett Sarver*, and Beal Bank, SSB, Wilson & Associates P.L.L.C, Aaron Squyers, Leslie Garrett Sarver, and LLP Mortgage's (hereinafter "defendants" ); defendants' motion to consolidate the above-listed adversary proceedings (08-0146A (filed by debtors) and 08-0164A (removed "state court action" case)), and defendants' objection to the debtors' remand motion. The court held a hearing on July 25, 2008 on these matters. On that date, the court allowed the parties ten (10) additional days to file post-hearing briefs. The court having now considered all pleadings before it, orders that adversary proceeding 08-0164A and 08-0146A be consolidated. The court further orders that the debtors' motion for remand of adversary proceeding 08-0164A be DENIED. This court orders all matters hereinafter filed under consolidated adversary proceeding number 08-0164A. A rescheduled pretrial shall be held on **Monday, September 29, at 2:00 p.m., Courtroom 1, United States Customs House, 701 Broadway, Nashville, TN 37203.**

The facts are relatively undisputed. Debtors obtained a mortgage loan in the amount of $42,500.00 through the Small Business Administration. Following their discharge from a Chapter 13 bankruptcy proceeding in this court, the defendants allege that Debtors missed certain payments on their mortgage in the summer of 2005. The holder of the mortgage, LPP, declared the mortgage to be in default and foreclosed on the property on November 7, 2005. On December 23, 2005, Beal Bank, an affiliate of LPP, filed a detainer warrant in the General Sessions Court of Lawrence County, Tennessee seeking possession of the Debtors' residence following the foreclosure.

On January 18, 2006, Debtors filed an answer to the detainer warrant and asserted counterclaims against Beal Bank, alleging that the foreclosure was

wrongful. On February 8, 2006, the State Court Action was removed from Lawrence County General Sessions Court to the Circuit Court for Lawrence County, Tennessee On September 14, 2006, LPP moved to intervene in the State Court Action to assert that that it was the holder of the mortgage and was entitled to intervene to protect its interest in the Property. Debtors opposed LPP's intervention. On October 31, 2006, the Court in the State Court Action granted the Debtors' motion to dismiss the detainer warrant and denied LPP's motion to intervene.

On January 24, 2007, the State Court granted the Princes motion to amend their counterclaims against Beal Bank, and to file a third party complaint against Wilson & Associates, Squyres and Sarver, each of whom participated in the alleged wrongful foreclosure. On June 26, 2007, the State Court entered an order dismissing the claims against Wilson & Associates and allowing LPP to intervene in the action to assert a claim to quiet title to the Property.

On February 22, 2008, Debtors filed a motion in this court to reopen their bankruptcy court to assert an action against Countrywide, LPP and Beal that the foreclosure was wrongful because CHL, LPP and/or Beal Bank had wrongfully applied funds paid by the Debtors in violation of this court's order entered on July 17, 2003 declaring the Debtors' account current, and in violation of the discharge injunction, which became effective on December 15, 2003, the date of the entry of the Debtors' discharge. The Debtors filed adversary proceeding 08-0146A on April 9, 2008. On April 28, 2008, LPP and Beal removed the State Court Action to this Court to be consolidated with adversary proceeding 08-0146A.

The court has before it, therefore, the issue of whether this court should abstain and remand the State Court Action. 28 U.S.C. § 1134 provides in part:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original *but not exclusive jurisdiction* of all civil proceedings arising under title 11, or arising in or related to cases under title 11. [emphasis added].

28 U.S.C. § 1334. Title 28 U.S.C. § 1334 governs federal district court jurisdiction over bankruptcy cases. **See In re Wolverine Radio Co.,** 930 F.2d 1132 (6th Cir.1991), **cert. dismissed**, 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992). In **Wolverine**, the Sixth Circuit identified four types of matters over which the district court has jurisdiction. These include (1) "cases under title 11," (2) "proceedings arising under title 11," (3) proceedings "arising in" a case under title 11, and (4) proceedings "related to" a case under title 11. Id. at 1141. The Sixth Circuit court went on to explain that under 28 U.S.C. § 157(b)(1), a bankruptcy judge may hear and determine all "core proceedings arising under title 11, or arising in a case under title 11" (emphasis added). A proceeding arises "under" title 11 if it involves a cause of action "created or determined by a statutory provision" of the bankruptcy code. **Id**., (internal citations omitted.) A proceeding arises "in" a bankruptcy case if it could arise only in the context of a bankruptcy case. **Id.** Therefore, in determining if a matter is a core proceeding, the court must not only look to the form but also the substance of a particular matter. **Id.**

> As to the remaining categories, the Sixth Circuit held:
>
> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between the second, third, and fourth categories (proceedings "arising under," "arising in," and "related to" a case under title 11). These references operate conjunctively to define the scope of jurisdiction. **See In re Wood**, 825 F.2d at 93. Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. **Id.**

4-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:08-ap-00146   Doc 33   Filed 08/19/08   Entered 08/19/08 14:01:23   Desc Main
Document      Page 4 of 7

This court finds that the State Court Action is at most a core proceeding, but at the very least is a "related to" proceeding rendering a basis for this court's jurisdiction. It is well settled law that "[d]eterminations as to a violation of the discharge injunction and an award of damages thereunder . . . are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 157(b)(2)(B)/ (O); **In re Perviz**, 302 B.R. 357, 364-65 (Bankr.N.D.Ohio 2003)." **In re Franks,** 363 B.R. 839, 842 (Bkrtcy.N.D.Ohio,2006); **In re Duling**, 360 B.R. 643 (Bankr. N.D. Ohio 2006 (same). This court finds that the debtors' state court actions alleging state law theories of conspiracy, fraud, malicious prosecution, conversion, and unjust enrichment all stem from the debtors' allegations in the adversary proceeding that they filed in this court asserting that the defendants' conduct violated the discharge injunction. The violations of the discharge injunction and damages that flow therefrom are core proceedings, and the state law action is intimately intertwined with that action.

Even if this court is mistaken and the state court action is not a "core matter," the court finds that at the very least, the state court action is a "related to" proceeding. As the Sixth Circuit noted in **In re Wolverine Radio, Co.**,:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

**Id.** at 1142 (citations omitted); **see also Lindsey v. O'Brien, Tanksi, Tanzer & Young Health Ce Providers (In re Dow Corning Corp.),** 86 F.3d 482, 489 (6th Cir. 1996) ("related to" cases are cases in which the outcome of the proceeding could conceivably have an effect on the administration of the bankruptcy estate).

Case 1:08-ap-00146    Doc 33    Filed 08/19/08    Entered 08/19/08 14:01:23    Desc Main
Document      Page 5 of 7

Stated another way, a claim is "related to" the bankruptcy proceeding if it would have affected the debtor's rights or liabilities. ***In re Dow Corning Corp***., 86 F.3d 482, 489 (6th Cir.1996) (holding that a claim is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate"). ***Browning v. Levy*** 283 F.3d 761, 773 (6th Cir., 2002). Section 1334 was intended to be broad; the state law claims involve property of the estate; and all claims affect bankruptcy law in that all are intimately intertwined with the bankruptcy estate. The court finds that the outcome of the state court action is sufficiently "related to" the administration of the bankruptcy estate to supply jurisdiction.

The court construes the debtors' motion for remand as a motion for discretionary abstention and remand. Title 28, Section 1334(c) of the United States Code is the statutory standard when evaluating a motion to abstain in the context of adversary proceedings. Pursuant to that section, courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). As noted by the court in ***Zack v. U.S. (In re Zack)***, 224 B.R. 601, 606 (Bankr. E.D. Mich. 1998):

> This statute codifies the so-called "permissive abstention doctrine" and " 'demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case.' " ***Matter of Gober***, 100 F.3d 1195, 1206 (5th Cir.1996) (quoting ***Matter of Wood***, 825 F.2d 90, 93 (5th Cir.1987)).

In this case, the interests of comity, justice, convenience of the parties, and convenience of the courts beg for a consolidated forum to resolve the issues

between these parties.  Although this court finds either court equally capable, the request for permissive abstention and remand is denied based upon the finding that all issues are intimately intertwined with bankruptcy law.

In summary, therefore, the court orders adversary proceedings 08-0146A and 08-0164A consolidated under adversary proceeding number 08-0164A.  The court instructs the Clerk of Court to file this Memorandum and Order in both adversary proceedings.  Furthermore, the court denies the debtors' motion for remand of adversary proceeding 08-0164A for the reasons more fully described hereinabove. An appropriate Order will issue simultaneously herewith.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

This Order has Been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.